BLANK ROME, LLP
Attorneys for Plaintiff
GATEWAY INTERNATIONAL SHIPPING SA
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
tbelknap@blankrome.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



**08 CV 4954**

| | |
|---|---|
| GATEWAY INTERNATIONAL SHIPPING SA, | 08 Civ. |
| Plaintiff, | **VERIFIED COMPLAINT** |
| -against- | |
| STONEBRIDGE OIL LTD. and STONEBRIDGE MARITIME SERVICES LIMITED, | |
| Defendants. | |

Plaintiff, GATEWAY INTERNATIONAL SHIPPING SA ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendants, STONEBRIDGE OIL LTD. and STONEBRIDGE MARITIME SERVICES LIMITED ("Defendants"), alleges upon information and belief as follows:

1.     This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2.     At all material times, Plaintiff was and now is a foreign company with its principal offices in Greece.

3.    At all material times, Defendant STONEBRIDGE OIL LTD. ("SOL") was and is a foreign corporation or other business entity organized with its principal offices at 1st Floor, UNTL House, 53 Marina, Lagos, Nigeria, and with no place of business in the United States.

4.    At all material times, Defendant STONEBRIDGE MARITIME SERVICES LIMITED ("SMSL") was and is a foreign corporation or other business entity organized with its principal offices at 1st Floor, UNTL House, 53 Marina, Lagos, Nigeria, and with no place of business in the United States.

5.    By charter fixture recap dated on or about February 26, 2008, ("the Charter"), Plaintiff chartered the ocean-going cargo vessel M/T LIMI ("the Vessel") to Defendant SMSL.

6.    In breach of the Charter, defendant SMSL has to date wrongfully failed to pay charter hire and other associated costs in the amount of $507,978.56 due and owing pursuant to the Charter as detailed in plaintiff's invoice no. 1000-2008H1 dated May 23, 2008, copy attached hereto as Exhibit A, no part of which has been paid although presently due and owing and duly demanded.

7.    The Charter provides for arbitration of disputes in London.  Plaintiff reserves it right to arbitrate the merits of this dispute pursuant to 9 U.S.C. § 8.

8.    Maritime Arbitrators in London routinely award interest, legal fees and arbitral costs to a successful party.  Plaintiff estimates these recoverable costs and interest will be at least US$250,000.

9.    Defendants SOL and SMSL are alter egos of each other such that their respective corporate veils should be pierced and each should be found fully liable for the debts and obligations of the other.

10. In particular, Defendants SOL and SMSL have ignored corporate formalities and have transacted business at other than arms length with each other, including paying each other's financial obligations without adequate consideration therefore. Specifically, for instance, defendant SMSL made charter hire payments in respect of SOL's charter of the Vessel M/T APRIL on at least two instances (including on February 29, 2008 and/or March 11, 2008) even though SMSL is not the charterer of that Vessel, has no contractual relationship with its despondent owner STRATEGIC SHIPPING AND CHARTERING B.V., and on information and belief received no consideration from SOL for so doing.

11. Additionally, defendant SMSL has commenced a lawsuit in its own name in Nigeria against STRATEGIC SHIPPING AND CHARTERING B.V., *inter alia*, in respect of the M/T APRIL, alleging it is the charterer thereof when in fact its alter ego SOL is the true charterer and SMSL has no direct contractual relationship with STRATEGIC SHIPPING AND CHARTERING B.V.

12. Defendants share the same business address and, on information and belief, have overlapping officers, directors and shareholders.

13. In sum, defendants are alter egos of each other and are thereby fully liable for the debts and obligations alleged herein.

14. Accordingly, the total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment against the defendants is **US$757,978.56**.

15. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Plaintiff believes that Defendants will have property or assets, in the form of

electronic funds transfers or otherwise, in the hands of garnishees in this District during the pendency of this action because defendants conduct business internationally in U. S. Dollars, and all cross-border electronic fund transfers pass through intermediary banks in the United States, primarily in New York.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of the Defendants up to the amount of **US$757,978.56** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

4

     D.     That Plaintiff may have such other, further and different relief as may be just and

proper.

Dated: New York, NY
     May 29, 2008

> Respectfully submitted,
> BLANK ROME, LLP
> Attorneys for Plaintiff
> GATEWAY INTERNATIONAL SHIPPING SA
>
>
> By _____
>      Thomas H. Belknap, Jr. (TB-3188)
> 405 Lexington Ave.
> New York, NY 10174-0208
> (212) 885-5000
> tbelknap@blankrome.com

## VERIFICATION

STATE OF NEW YORK           )
                            : ss.:
COUNTY OF NEW YORK          )

Thomas H. Belknap, Jr., being duly sworn, deposes and says:

1.    I am a member of the bar of this Honorable Court and of the firm of Blank Rome

LLP, attorneys for the Plaintiff.

2.    I have read the foregoing Complaint and I believe the contents thereof are true.

3.    The reason this Verification is made by deponent and not by Plaintiff is that

Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4.    The sources of my information and belief are documents provided to me and

statements made to me by representatives of the Plaintiff.

Thomas H. Belknap, Jr.

Sworn to before me this
29th day of May, 2008

Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

BLANK ROME, LLP
Attorneys for Plaintiff
GATEWAY INTERNATIONAL SHIPPING SA
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
tbelknap@blankrome.com


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GATEWAY INTERNATIONAL SHIPPING SA, | 08 Civ. |
| Plaintiff, | **AFFIDAVIT UNDER SUPPLEMENTAL RULE B** |
| -against- | |
| STONEBRIDGE OIL LTD. and STONEBRIDGE MARITIME SERVICES LIMITED, | |
| Defendants | |


STATE OF NEW YORK        )
                         )    ss:
COUNTY OF NEW YORK       )

THOMAS H. BELKNAP, JR., being duly sworn, deposes and says:

1.      I am a member of the Bar of this Honorable Court and a member of the firm of

Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the

complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of

maritime attachment and garnishment of the property of defendants, STONEBRIDGE OIL LTD.

and STONEBRIDGE MARITIME SERVICES LIMITED ("Defendants"), foreign corporations,

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the
Federal Rules of Civil Procedure.

2.     Defendants are parties to a maritime contract of charter party and are foreign
corporations with no offices or places of business within this judicial district.

3.     Under my supervision, my office did a search of the New York State Secretary of
State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general
internet search.

4.     In our search, we did not find any listing or reference to Defendants in this
judicial district or the state of New York.  In the circumstances, I believe Defendants cannot be
found within this district.

THOMAS H. BELKNAP, JR.

Sworn to before me this
29th day May, 2008

Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires  Nov 30, 2009

# Gateway International Shipping SA

Stonebridge Maritime Services
Nigeria
c/o
SSB Trade Corp.
Luxemburg

Our Ref:     S 2008/046
Date:        23.05.2008
Invoice No:  1000-2008 H1

## Redelivery Invoice

Ref: MT " Limi " / cp dated 26.02.08 / Acc. Stonebridge Maritime

| | |
|---|---|
| Time Charter hire – 42 days at usd. 11.550 p/d<br>*10.03.08 18:30 hrs – 21.04.08 18:30 hrs* | Usd  485.100,00 |
| Less down payment | Usd  173.199,00 |
| Subtotal | Usd  311.901,00 |
| Tank cleaning chemicals delivered Lagos Offshore by barge | Usd    20.000,00 |
| Tank cleaning bonus to crew | Usd     5.000,00 |
| Used bunkers during t/c period as per calculations attached | Usd  155.434,70 |
| Warrisk (vessels call to Lagos, Nigeria) | Usd.    9.642,86 |
| Slops disposal in Las Palmas | Usd     6.000,00 |
| **Total due** | **Usd  507.978,56** |

Please remit the amount of **Usd 507.978,56** to:
------------------------------------------------------

Piraeus Bank - Piraeus, Greece
Swift no. PIRBGRAA
Iban  no. GR68 0172 1030 0051 0303 4409 601
In favour of Gateway International Shipping S.A.
Ref: Mt Limi/ Redelivery